IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CLARKSBURG DIVISION

FILED
NOV 21 2011
U.S. DISTRICT COURT
CLARKSBURG, WV 26301

Martin P. Sheehan, individually, and on behalf of all other persons similarly situated,

    Plaintiff,

v.

    Case No. 5:11cv170

United States of America,

    Defendant.

## Complaint

1. Martin P. Sheehan is the plaintiff. Mr. Sheehan resides in Ohio County, West Virginia and maintains an office at 41 Fifteenth Street, Wheeling, West Virginia.

2. Mr. Sheehan is a member of the panel of private trustees in cases under Chapter 7 of Title 11 of the United States Code. The panel is maintained and supervised by the United States Trustee for Region 4 pursuant to 28 U.S.C. § 586 (a)(1). Mr. Sheehan was appointed to the panel prior to January, 1, 1994 and has been a member of the panel since that time.

3. Mr. Sheehan is an attorney licensed to practice in West Virginia.

4. Defendant is the United States of America.

5. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1346.

6. Venue is proper in this District under 28 U.S.C. § 1402(a)(1).

## Factual Allegations

7. Members of the panel of private trustees provide essential services to assist in the efficient administration of bankruptcy cases. Their duties include reducing assets of the estate to money; accounting for all property; ensuring compliance by debtors with provisions of the

497541

Bankruptcy Code; investigating the financial affairs of debtors; examining and objecting to proofs of claims; opposing the discharge of debtors, where appropriate; furnishing information to parties in interest; operating businesses; completing final reports and final accounts; providing notices to domestic support claimants; administering retirement plans; transferring patients of health care facility debtors as set forth in 11 U.S.C. § 704(a)(11); and reporting suspected criminal activity under 18 U.S.C. § 3057.

8.  Panel trustees are employed in the private sector. Many are lawyers, some are accountants, but trustees are involved in many separate occupations. Trustees and their employees depend on payments derived from bankruptcy filing-fees to remain in business and continue to provide their valuable services.

9.  Historically, debtors were not permitted to file bankruptcy petitions *in forma pauperis*. *See United States v. Kras*, 409 U.S. 434 (1973). All bankruptcy debtors paid filing fees, and private trustees were compensated in part through proceeds of the filing fees.

10. This statutory regime changed with the enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-13 Div. A, Title VI, § 6058(a), 119 Stat. 297 (May 11, 2005) (effective October 17, 2005). Among its many reforms, the Act permitted certain qualified debtors to commence bankruptcy proceedings *in forma pauperis*, without payment of filing fees. 28 U.S.C. § 1930. This meant that the traditional source of trustee payments—the filing fees—were unavailable in such a class of cases.

11. At the same time, the Act contained provisions requiring payments to trustees for each case handled. Specifically, the statute provides:

> (1) There shall be paid from the filing fee in a case under chapter 7 of this title $45 to the trustee serving in such case, after such trustee's services are rendered.

(2) The Judicial Conference of the United States

    (A) shall prescribe additional fees of the same kind as prescribed under section 1914(b) of title 28 [which authorizes the clerk of the district court to collect fees prescribed by the Judicial Conference]; and

    (B) may prescribe notice of appearance fees and fees charged against distributions in cases under this title;

to pay $15 to trustees serving in cases after such trustees' services are rendered. Beginning 1 year after the date of the enactment of the Bankruptcy Reform Act of 1994, such $15 shall be paid in addition to the amount paid under paragraph (1).

11 U.S.C. § 330(b)(1) & (2).

12. However, upon information and belief, in the vast majority of *in forma pauperis* cases, these payments have not been made to private trustees. As a result, private trustees accept employment in *in forma pauperis* Chapter 7 cases, but simply are not paid.

13. Since October 17, 2005, the date the *in forma pauperis* provisions took effect, Mr. Sheehan has been appointed as trustee in 145 *in forma pauperis* cases, including 138 closed cases and seven pending cases.

14. Mr. Sheehan has not been paid *any* fee for serving as a trustee in his 138 closed cases.

15. Based on this pattern, he does not expect to be paid in the 7 pending cases, or in any similar case to which he may be appointed in the future.

16. As a panel member, Mr. Sheehan "is expected to accept all cases assigned, unless there is a conflict of interest or other extraordinary circumstance." Handbook for Ch. 7 Trustees at 5-1, http://www.justice.gov/ust/eo/private_trustee/library/chapter07/index.htm. Failure to fulfill this obligation can cause a trustee to be removed from the panel of private trustees. Consequently, Mr. Sheehan has made no effort to reject, or to resign as trustee in, any case assigned to him that was filed by an *in forma pauperis* debtor.

17.     It is fundamentally unfair, not to mention a violation of federal law, for Mr. Sheehan and other trustees not to be paid the $45 and $15 payments described above.

## Class Action Allegations

18.     Mr. Sheehan brings this action on his own behalf, and on behalf of a class of persons under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

19.     The proposed class consists of all persons who have served as a Chapter 7 trustee since October 17, 2005 and who provided services as a Chapter 7 Trustee in a case in which the debtor did not pay a filing fee as a result of being granted *in forma pauperis* status.

20.     All applicable requirements of Rule 23 are satisfied. The class is so numerous that joinder of all members is impracticable. Upon information and belief, approximately 1200 to 1500 persons have served as trustees in various districts around the country and fit the class definition.

21.     There are questions of law and fact common to all members of the class, and those common questions predominate over individual issues. In fact, the only individual issues in this case concern the number of cases handled, and the amount of fees each class member is owed. The legal questions concerning the Defendant's liability are uniform.

22.     For similar reasons, the named Plaintiff's claims are typical of those of the class as a whole.

23.     The Plaintiff has displayed an interest in vindicating the rights of the class members, will fairly and adequately protect and represent the interests of the class, and is represented by skillful, knowledgeable and experienced counsel.

24.     The class action device is superior to other available methods for the fair and efficient adjudication of the controversy. The alternative to class action resolution is individual

500418                                         4

joinder of all trustees, a cumbersome process that would pose extraordinary administrative burdens on the courts and litigants.

25. Additionally, the Defendant has acted or refused to act on grounds generally applicable to the entire class, thereby making final injunctive, declaratory and other relief appropriate for the class as a whole.

## Claims for Relief

### Count I – Failure to Pay $45 Fees

26. The Defendant is required to pay each trustee $45 for each Chapter 7 case handled. 11 U.S.C. § 330(b)(1).

27. The statute imposes not only a statutory obligation, but also an express and implied contractual obligation, to pay private trustees for each Chapter 7 case handled.

28. The Defendant owes Mr. Sheehan $45 for each of the 138 cases that have been completed, or $6,210.

29. Upon the closing of his seven pending cases, he will be owed an additional $45 per case, or $315.

### Count II – Failure to Pay $15 Fees

30. In addition to the $45 fee referenced in Count I, the Defendant is required to pay each trustee $15 for each Chapter 7 case handled. 11 U.S.C. § 330(b)(2).

31. The statute imposes not only a statutory obligation, but also an express and implied contractual obligation, to pay private trustees for each Chapter 7 case handled.

32. The Defendant owes Mr. Sheehan $15 for each of the 138 cases that have been completed, or $2,070.

33. Upon the closing of his seven pending cases, he will be owed an additional $15 per case, or $105.

## Relief Sought

34. Mr. Sheehan requests the Court certify a class as proposed above, with Mr. Sheehan to serve as class representative and his counsel to serve as class counsel.

35. Mr. Sheehan requests the Court enter an order awarding him and all class members fees owed as alleged above, together with all available pre- and post-judgment interest.

36. Mr. Sheehan seeks a declaratory judgment under 28 U.S.C. § 2201 that in all pending and future cases, he and all class members are entitled at least to the fees as provided for by statute.

37. In the alternative, Mr. Sheehan asks that 28 U.S.C. § 1930(f)(1) be declared unconstitutional, as applied, to him and other class members.

Plaintiff,
By Counsel.

*/s/ John W. Barrett*

John W. Barrett, Esq. (WV Bar # 7289)
Jonathan R. Marshall, Esq. (WV Bar # 10580)
Bailey & Glasser, LLP
209 Capitol Street
Charleston, WV 25301
(304) 345-6555
(304) 342-1110 *facsimile*
jbarrett@baileyglasser.com
jmarshall@baileyglasser.com
    *Counsel for Plaintiff*