```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


MARTIN P. SHEEHAN, individually
and on behalf of all other persons
similarly situated,

        Plaintiff,

v.                                    Civil Action No. 5:11CV170
                                                          (STAMP)
UNITED STATES OF AMERICA,

        Defendant.
```

**MEMORANDUM OPINION AND ORDER
GRANTING MOTION BY THE UNITED STATES
TO STAY DISCOVERY AND PRETRIAL PLANNING
PENDING DECISION ON DISPOSITIVE MOTION**

I.  Procedural History

On November 21, 2011, the plaintiff commenced the above-styled civil action on his own behalf, and on behalf of a class similarly situated, to recover fees allegedly owed to him as a result of his work as a member of the panel of private trustees in bankruptcy cases. On February 3, 2012, the United States filed a motion to dismiss on the bases of lack of subject matter jurisdiction, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, and failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6). Subsequently, the plaintiff filed an amended complaint, which adds a breach of contract claim and a Fifth Amendment violation claim.

On March 2, 2012, the government filed a motion to dismiss the first amended complaint. In support of this motion, the United States argues: (1) no federal question jurisdiction exists for the

asserted claims; (2) the first amended complaint asserts claims under the Little Tucker Act, 28 U.S.C. § 1346, for which sovereign immunity has not been waived; and (3) the plaintiff's requested relief is defective. This Court entered a first order and notice regarding discovery and scheduling on March 5, 2012.

On March 14, 2012, the United States filed a motion to stay discovery and pretrial planning pending a decision on the dispositive motion. In support of the motion to stay, the United States argues that it would be highly inefficient and burdensome to require discovery preparations and planning to proceed when the entire case may be decided on purely legal issues now pending before this Court. The plaintiff filed a response in opposition to the motion to stay on April 2, 2012. In his response, the plaintiff argues that the United States has offered no good reason to divert from the normal course of litigation under the Federal Rules. On April 4, 2012, the United States filed a reply arguing that the reasons asserted by the plaintiff as to why the stay should not issue lack merit.

## II. <u>Applicable Law</u>

Rule 26 of the Federal Rules of Civil Procedure states, in pertinent part:

> A party must make the initial disclosures at or within 14 days after the parties' Rule 26(f) conference unless a different time is set by stipulation or court order, or unless a party objects during the conference that initial disclosures are not appropriate in this action and states the objection in the proposed discovery plan. In ruling on the objections, the court must determine what

2

>     disclosures, if any, are to be made and must set the time
>     for disclosure.

Fed. R. Civ. P. 26(c). It is well-settled that "[a] protective order under Rule 26(c) to stay discovery pending determination of a dispositive motion is an appropriate exercise of the court's discretion." Tilley v. United States, 270 F. Supp. 2d 731, 734 (M.D. N.C. 2003). Absent an abuse of discretion, the United States Court of Appeals for the Fourth Circuit will uphold a decision to issue a protective order or to otherwise limit the timing or scope of discovery. Chaudhry v. Mobil Oil Corp., 186 F.3d 502, 505 (4th Cir. 1999) (holding that the district court did not abuse its discretion by staying discovery); M&M Med. Supplies & Serv., Inc. v. Pleasant Valley Hosp., Inc., 981 F.2d 160, 163 (4th Cir. 1992) (stating that an order under Rule 26(c) is committed to the discretion of the trial court).

### III.  Discussion

In this case, the United States argues that it would be inefficient and burdensome to require discovery preparations and planning to proceed when the entire case may be decided on the purely legal issues presented in the motion to dismiss. Further, the United States claims that staying the process until the sufficiency of the first amended complaint is determined will not prejudice the plaintiff because the resolution of the pending motion to dismiss does not depend upon any facts or discovery. This Court agrees. The issues presented in the government's motion to dismiss -- lack of subject matter jurisdiction and sovereign

immunity -- are purely legal matters.  While this Court agrees that the mere filing of a dispositive motion does not entitle the moving party to a stay of discovery, in balancing the harm produced by a stay of discovery against the possibility that the motion to dismiss will be granted and entirely eliminate the need for such discovery, this Court concludes that the motion to stay discovery and pretrial planning should be granted.  See Feldman v. Flood, 176 F.R.D. 651, 652 (M.D. Fla. 1997).

### IV.  Conclusion

For the reasons stated above, the motion by the United States to stay discovery and pretrial planning pending a decision on the dispositive motion (ECF No. 12) is GRANTED.  This Court further orders that discovery in this case be STAYED until resolution of the pending motion to dismiss the first amended complaint.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:     April 4, 2012

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE