```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

MARTIN P. SHEEHAN, individually
and on behalf of all other
persons similarly situated,

    Plaintiff,

v.                                Civil Action No. 5:11CV170
                                                              (STAMP)

UNITED STATES OF AMERICA,

    Defendant.

**MEMORANDUM OPINION AND ORDER**
**GRANTING MOTION TO DISMISS FIRST AMENDED COMPLAINT**
**AND DENYING AS MOOT MOTION TO DISMISS**

                     I.  Background

On November 21, 2011, the plaintiff commenced the above-styled civil action on his own behalf and on behalf of all other persons similarly situated, to recover fees allegedly owed to him as a result of his work as a member of the panel of private trustees in bankruptcy cases.[1]  The plaintiff alleges that for more than six years he has accepted assignments from the defendant to serve as trustee for cases where the defendant waived a filing fee, but he has not been paid for his service as a trustee.  The plaintiff further alleges that it is fundamentally unfair, and a violation of state law, for him and other trustees not to be paid.  In addition

---

[1] Like the plaintiff, Mr. Sheehan, many private trustees are licensed attorneys who have a private law practice.  The position of trustee is voluntary and can be relinquished at will.  However, so long as a panel member serves, the trustee "is expected to accept all cases assigned, unless there is a conflict of interest or other extraordinary circumstance."  (First Am. Compl. ¶ 25.)

to his fees, the plaintiff seek a declaratory judgment under 28 U.S.C. § 2201 that in all pending and future cases, he and all class members are entitled at least to the fees as provided for by statute.

On February 3, 2012, the defendant filed a motion to dismiss. Subsequently, the plaintiff filed an amended complaint, which adds a breach of contract claim and a Fifth Amendment violation claim. On March 2, 2012, the defendant filed a motion to dismiss the first amended complaint pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure. In support of this motion, the United States argues: (1) no federal question jurisdiction exists for the asserted claims; (2) the first amended complaint asserts Little Tucker Act, 28 U.S.C. § 1346, claims for which sovereign immunity has not been waived; and (3) the plaintiff's requested relief is defective.

The plaintiff filed a response to the motion to dismiss the first amended complaint on March 16, 2012 in which he argues: (1) the United States has waived sovereign immunity through the Little Tucker Act; (2) each case assignment creates a contract between the parties, which the defendant has breached since October 2005;[2] (3) the plaintiff's due process claim provides a further jurisdictional

---

[2] In October 2005, the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") was enacted. Among its many reforms, the BAPCPA permits certain qualified debtors to commence bankruptcy proceedings in forma pauperis, without payment of filing fees. 28 U.S.C. § 1930.

basis; (4) the plaintiff has brought a valid Takings Clause violation claim; and (5) this Court has the power to grant an award of interest as well as declaratory relief because it has subject matter jurisdiction.

On March 22, 2012, the United States filed a reply in support of its motion to dismiss the first amended complaint arguing: (1) the plaintiff has abandoned his claim of federal question jurisdiction; (2) the plaintiff has not demonstrated a waiver of immunity; and (3) the plaintiff's ancillary arguments about interest and declaratory relief support the conclusion that no jurisdiction exists.

Both the motion to dismiss the complaint and the motion to dismiss the first amended complaint are currently pending before this Court.[3] For the reasons set forth below, this Court finds that the motion to dismiss the first amended complaint must be granted and the motion to dismiss must be denied as moot.

## II. Facts

The plaintiff, a member of the trustee panel for this district's bankruptcy court, seeks to recover damages for certain statutory fees, totaling $60.00 for each case he closes, that are to be paid from the filing fees collected in the chapter 7 cases

---

[3]Pursuant to this Court's memorandum opinion and order entered on April 4, 2012, discovery in this case is currently stayed pending resolution of the motion to dismiss the first amended complaint.

that he handles. His alleged injury arises from the fact that, in 2005, Congress authorized bankruptcy courts to waive filing fees in appropriate cases of financial hardship. When filing fees are not collected for in forma pauperis ("IFP") cases, no money exists to pay the trustee the fees provided by statute. The plaintiff alleges that he has acted as trustee in approximately 145 cases that have been granted IFP status. Because the filing fees were waived in those cases, the plaintiff has not been paid the statutory fees, which total about $8,700.00. The plaintiff also contends that other trustees handling IFP cases have also not been paid their statutory fees.

### III. Applicable Law

A. Subject Matter Jurisdiction

A party may move to dismiss an action for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). The burden of proving subject matter jurisdiction on a Rule 12(b)(1) motion to dismiss is on the party asserting federal jurisdiction. A trial court may consider evidence by affidavit, deposition, or live testimony without converting the proceeding to one for summary judgment. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982); Mims v. Kemp, 516 F.2d 21 (4th Cir. 1975). A lack of subject matter jurisdiction may be asserted at any time by any interested party either in the form of the answer or in the form of a suggestion to the court prior to final judgment. 5B Charles Alan

Wright & Arthur R. Miller, Federal Practice and Procedure § 1350, (3d ed. 1998). Because the court's very power to hear the case is at issue in a Rule 12(b)(1) motion, the trial court is free to weigh the evidence to determine the existence of its jurisdiction. No presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. Materson v. Stokes, 166 F.R.D. 368, 371 (E.D. Va. 1996). If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action. Fed. R. Civ. P. 12(h)(3).

B.  Failure to State a Claim

In assessing a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court must accept all well-pled facts contained in the complaint as true. Nemet Chevrolet, Ltd v. Consumeraffairs.com, Inc, 591 F.3d 250, 255 (4th Cir. 2009). However, "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement fail to constitute well-pled facts for Rule 12(b)(6) purposes." Id. (citing Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)). This Court also declines to consider "unwarranted inferences, unreasonable conclusions, or arguments." Wahi v. Charleston Area Med. Ctr., Inc., 562 F.3d 599, 615 n.26 (4th Cir. 2009).

5

It has often been said that the purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; it is not a procedure for resolving a contest about the facts or the merits of the case. 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (3d ed. 1998). The Rule 12(b)(6) motion also must be distinguished from a motion for summary judgment under Federal Rule of Civil Procedure 56, which goes to the merits of the claim and is designed to test whether there is a genuine issue of material fact. Id. For purposes of the motion to dismiss, the complaint is construed in the light most favorable to the party making the claim and essentially the court's inquiry is directed to whether the allegations constitute a statement of a claim under Federal Rule of Civil Procedure 8(a). Id. § 1357.

A complaint should be dismissed "if it does not allege 'enough facts to state a claim to relief that is plausible on is face.'" Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Facial plausibility is established once the factual content of a complaint 'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Nemet Chevrolet, 591 F.3d at 256 (quoting Iqbal, 129 S. Ct. at 1949). Detailed factual allegations are not required, but the facts alleged must be

6

sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

## IV. Discussion

In its motion to dismiss the first amended complaint, the United States first argues that no federal question jurisdiction exists for the asserted claims. Specifically, the United States contends that the first amended complaint does not allege sufficient facts to support federal question jurisdiction pursuant to 28 U.S.C. § 1331 because it does not demonstrate that the United States has waived sovereign immunity. Next, the United States asserts that all four counts of the first amended complaint fall under the Little Tucker Act, and although the Little Tucker Act confers subject matter jurisdiction on this Court to entertain damages for such claims against the United States "not exceeding $10,000," without a money-mandating appropriation, no waiver of immunity exists for a Little Tucker Act claim and jurisdiction fails. The United States highlights the fact that neither provision cited in the first amended complaint -- 11 U.S.C. § 330(b)(1) nor § 330(b)(2) -- purports to waive the government's immunity to suit. Further, the government argues that these provisions do not confer upon a trustee any statutory right of recovery against federal tax dollars.

With regard to Count III of the first amended complaint, which alleges that § 330(b) constitutes a contractual arrangement between

7

the trustees and the United States, the United States argues that the first amended complaint is devoid of facts indicating that an express contract exists and no waiver of sovereign immunity exists for contracts implied in law. Because the plaintiff was appointed to the chapter 7 trustee panel, the United States asserts that his position cannot give rise to a contract claim cognizable under the Little Tucker Act.

As to Count IV, which alleges that the plaintiff's private property was taken in violation of the Fifth Amendment, the government counters that a statutory right to be paid money is not a property interest for the purposes of the Takings Clause. Moreover, the first amended complaint makes plain that no money or other property was actually taken from the plaintiff. Rather, the goal of his claim is to obtain fees he believes he has earned but never received.

Finally, the United States argues that the plaintiff's requested relief is defective because monetary damages, prejudgment and post-judgment interest, and declaratory relief are not available remedies as a matter of law. The defendant asserts that the law flatly forbids interest awards against the United States unless sovereign immunity it waived, and no waiver exists in this case. Additionally, the United States claims that when jurisdiction rests on the Little Tucker Act, the court's jurisdiction does not extend to declaratory relief. According to

the United States, this Court also lacks jurisdiction to declare 28 U.S.C. § 1930(f)(1) unconstitutional, as the plaintiff requests.

In response, the plaintiff argues that the United States has waived sovereign immunity through the Little Tucker Act, 28 U.S.C. § 1346. The plaintiff also contends that 11 U.S.C. § 330(b)(1) and § 330(b)(2) provide a statutory basis for the waiver of sovereign immunity. Next, the plaintiff clarifies that his breach of contract claim is for implied-in-fact breach, the basis of which is that each individual case assignment creates a contract between the trustee and the government that guarantees that the trustee will be compensated for his work. The plaintiff acknowledges that he is not an employee of the federal government. Instead, he claims that he is an independent contractor who provides services under contracts, which entitles him to payment.

Next, the plaintiff argues that because his due process claim arises from the defendant's failure to pay him under a money-mandating statute, 11 U.S.C. § 330(b), it provides a further basis on which the Court may find subject matter jurisdiction. The plaintiff also argues that he has properly pled a violation of the Fifth Amendment Takings Clause because by enacting and implementing the IFP provision of BAPCPA, 28 U.S.C. § 1930(f)(1), which deprives the plaintiff of his statutory and contractual right to payment for services, the United States has essentially taken the fund of money which formerly provided this payment without justly compensating

9

the plaintiff.  Finally, the plaintiff argues that because his claim is for money damages and the request for declaratory relief is in aid of the request for those damages, this Court has jurisdiction over the declaratory judgment request.

In its reply, the government reiterates its contention that sovereign immunity precludes this Court from adjudicating this dispute.  Absent a waiver of immunity, the government argues, the plaintiff's sole recourse is to take his grievance to Congress.  This Court considers the Rule 12(b)(1) challenge first since if it must dismiss the first amended complaint for lack of jurisdiction, the accompanying defenses and objections become moot.  See Vogrin v. Bureau of Alcohol, Tobacco and Firearms, U.S., No. 598cv117, 2001 WL 777427, at *4 (N.D. W. Va. Mar. 30, 2001).

A.   Subject Matter Jurisdiction

Because the plaintiff does not contest the government's argument regarding the lack of federal question jurisdiction in his response to the motion to dismiss the first amended complaint, this Court turns to the remaining basis for jurisdiction -- the Little Tucker Act.  Both parties agree that the United States "may not be sued without its consent and . . . the existence of consent is a prerequisite for jurisdiction."  United States v. Mitchell, 463 U.S. 206, 212 (1983).  Also, the plaintiff does not dispute the fact that "[w]hen the United States consents to be sued, the terms of its waiver of sovereign immunity define the extent of the

10


court's jurisdiction." United States v. Mottaz, 476 U.S. 834, 841 (1986) (citing United States v. Sherwood, 312 U.S. 584, 586 (1941)). The plaintiff offers no rebuttal to the principle that no waiver of sovereign immunity exists unless it is unequivocally expressed in the statutory text and that it must be strictly construed in favor of the sovereign. Dep't of the Army v. Blue Fox, Inc., 525 U.S. 255, 261 (1999); Lane v. Peña, 518 U.S. 187, 192 (1996); United States v. Nordic Vill., Inc., 503 U.S. 30, 33-34 (1992). Instead, the plaintiff argues that his statutory claims provide a basis under the Little Tucker Act for the waiver of sovereign immunity.

In his response to the motion to dismiss the first amended complaint, the plaintiff distinguishes between appropriations paid from the public treasury and money collected from filing fees. He then argues that because the statute under which trustees are paid is a Congressional authorization, the Appropriations Clause, U.S. Const. art. 1. § 9, is not applicable and his statutory claims provide a basis under the Little Tucker Act for the waiver of sovereign immunity. According to the plaintiff, Congress did not intend for trustees to be denied payment in IFP cases and to conclude otherwise would be "unjust, irrational, and absurd." (Pl.'s Resp. 8.) However, this Court finds that the plaintiff has not demonstrated that a waiver of sovereign immunity exists.

The Tucker Act consists of two parts: 28 U.S.C. § 1491, and 28 U.S.C. § 1346(a)(2), which is commonly known as the Little Tucker Act.  "The Tucker Act grants jurisdiction to the United States Court of Federal Claims 'to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, . . . or for liquidated or unliquidated damages in cases not sounding in tort."  Randall v. United States, 95 F.3d 339, 346 (4th Cir. 1996) (quoting 28 U.S.C. § 1491).  "The Little Tucker Act makes the jurisdiction of the Court of Federal Claims concurrent with the district court for civil actions or claims against the United States for $10,000 or less."  Id. (citing 28 U.S.C. § 1346(a)(2)).  Although the Little Tucker Act confers subject matter jurisdiction upon this Court to entertain damages for such claims against the United States not exceeding $10,000.00, it does not create a cause of action.  Price v. Panetta, No. 2011-1437, 2012 WL 881090, at *2 (Fed. Cir. Mar. 16, 2012).  As the Supreme Court has explained, the plaintiff must "identify a substantive source of law that establishes specific fiduciary or other duties, and allege that the Government has failed faithfully to perform those duties," after which "the court must then determine whether the relevant source of substantive law can fairly be interpreted as mandating compensation for damages sustained" as a result of the breach.  United States v. Navajo Nation, 537 U.S. 488, 506 (2003)(quoting Mitchell, 463 U.S.

at 217). Thus, the plaintiff must show "that the source of substantive law is a 'money-mandating' provision, i.e., it must mandate 'compensation for specific instances of past injuries or labors." Price, 2012 WL 991080 at *2 (quoting Nat'l Ctr. for Mfg. Sciences v. United States, 114 F.3d 196, 201 (Fed. Cir. 1997)). "The 'money-mandating' condition is satisfied when the text of a statute creates an entitlement by leaving the Government with no discretion over the payment of funds." Samish Indian Nation v. United States, 657 F.3d 1330, 1336 (Fed. Cir. 2011). However, without a waiver of sovereign immunity, there can be no right to money damages. United States v. Testan, 424 U.S. 392, 400 (1976).

In this case, the plaintiff's source of substantive law is 11 U.S.C. § 330(b), which provides:

> (1) There shall be paid from the filing fee in a case under chapter 7 of this title $45 to the trustee serving in such case, after such trustee's services are rendered.
>
> (2) The Judicial Conference of the United States-
>
> (A) shall prescribe additional fees of the same kind as prescribed under section 1914(b) of title 28; and
>
> (B) may prescribe notice of appearance fees charged against distributions in cases under this title; to pay $15 to trustees serving in cases after such trustees' services are rendered. Beginning 1 year after the date of the enactment of the Bankruptcy Reform Act of 1994, such $15 shall be paid in addition to the amount paid under paragraph (1).

11 U.S.C. § 330(b). The statute provides that payment for the chapter 7 trustee's services is to be paid from the filing fee.

13

But here, the plaintiff seeks fees for cases in which no filing fees were collected -- a recovery beyond that permitted by the statute. See Office of Pers. Mgmt. v. Richmond, 496 U.S. 414, 424 (1990) (holding that there can be no claim for payment of money from the Public Treasury contrary to a statutory appropriation). Because the plaintiff seeks trustee fees for IFP cases where no filing fees were collected, this means that the recovery he seeks would have to come from other 'public' money which has never been appropriated to pay trustee compensation.

Significantly, neither 11 U.S.C. § 330(b)(1) nor § 330(b)(2) purport to waive the government's immunity to suit. Neither provision mandates a payment of appropriated dollars in IFP cases, much less authorizes the court to award monetary damages against the government. Further, neither of these provisions confers upon a trustee any statutory right of recovery against federal tax dollars. Section 330(b)(1) states that $45.00 shall be paid from the filing fee, but it does not empower the court to order the government to pay damages in compensation if, for whatever reason, filing fees are not collected in a case. See Richmond, 496 U.S. at 432 ("The general appropriation for payment of judgments . . . does not create an all-purpose fund for judicial disbursement. A law that identifies the source of funds is not to be confused with the conditions prescribed for their payment."). The fact that no filing fees are collected in a case does not operate as a waiver of

14

sovereign immunity for damages claims that seek to recover unpaid fees. Section 330(b)(1) does not create or recognize a substantive source of law that entitles a private trustee such as the plaintiff to money beyond the statutory fees payable from filing fees in each case that are actually collected.

The United States Court of Appeals for the Fourth Circuit has affirmed that no Little Tucker Act claim can be heard without an express provision for payment of money from appropriated funds. See Radin v. United States, 699 F.2d 681, 685 n.8 (4th Cir. 1983) (stating that the Little Tucker Act's "broad waiver does not expose the United States to liability . . . because the Tucker Act is jurisdictional only and does not create any substantive cause of action against the United States for money damages."). The Radin court found that recovery under the Little Tucker Act is possible only if the plaintiff can demonstrate that the "provision he invokes can be fairly interpreted as mandating compensation by the federal government for the damage sustained." Id. Because § 330(b)(1) cannot be interpreted as mandating compensation in cases where filing fees are not collected, the plaintiff cannot rely on it to recover under the Little Tucker Act.

This authority also compels dismissal with respect to the plaintiff's § 330(b)(2) claim in Count II. This subsection does no more than give the Judicial Conference of the United States the authority and discretion to specify "additional fees" from which

the extra $15.00 can be paid to trustees. Nowhere does this provision appropriate funds to pay trustees or direct other money to be paid from the Treasury, nor does it recognize any right of action by a trustee to sue the government if he does not receive the $15.00 fee when filing fees are waived in a chapter 7 case. For these reasons, sovereign immunity bars the claims stated in Counts I and II, and jurisdiction fails.[4]

B.  Count III

Count III of the first amended complaint alleges that the defendant's appointment of a trustee to the trustee panel creates a contract between the defendant and the trustee wherein the trustee agrees to serve in cases to which he is assigned, and the defendant agrees to compensate the trustee for that service. (First Am. Compl. ¶ 46.) According to the plaintiff, because the defendant has not compensated him for his services rendered in 145 IFP cases, it has breached the contract. (First Am. Compl. ¶ 52.) In his response to the motion to dismiss, the plaintiff clarifies that his breach of contract claim is for implied-in-fact breach. This Court finds that the plaintiff's argument regarding an implied contract with the United States also fails.

---

[4]The plaintiff's due process claim (First Am. Compl. ¶ 55) also fails. Because § 330(b) does not supply the necessary mandate for payment, it cannot support a due process claim, as the plaintiff suggests.

16

In support of his contention regarding the existence of an implied-in-fact contract, the plaintiff argues that because trustees have been compensated since the passage of 11 U.S.C. § 330(b), this created a reasonable expectation that trustees would continue to be paid even after the IFP provisions took effect. (First Am. Compl. ¶¶ 47-49.)  Importantly, the Supreme Court has stated that "jurisdiction extends only to contracts either express or implied in fact, and not to claims on contracts implied in law." Hercules, Inc. v. United States, 516 U.S. 417, 423 (1996).  Thus, if any contract claim exists in this case, it must be one implied-in-fact.

The plaintiff acknowledges that a private trustee is not a federal employee -- rather, he is employed in the private sector. (First Am. Compl. ¶ 10.)  See In re Louis Rosenberg Auto Parts, Inc., 209 B.R. 668, 676 n.14 (Bankr. W.D. Pa. 1997) (stating that a bankruptcy trustee is not a public official, officer, or employee because the trustee represents a select group of creditors and shareholders rather than the public at large).  Further, the plaintiff asserts that he "was appointed" to the chapter 7 trustee panel by the United States Trustee for Region 4. (First Am. Compl. ¶ 2.)  However, according to the plaintiff, it was not his appointment to the trustee panel that created an employment relationship, but rather, each independent case assignment. (Pl.'s Resp. 10.)

17

As a matter of law, an appointment cannot create a contract. In fact, the Supreme Court has held that an appointed position cannot give rise to a contract claim cognizable under the Little Tucker Act. See Army and Air Force Exch. Serv. v. Sheehan, 456 U.S. 728, 741 (1982) ("Because the court's judgment may not be sustained on the ground that respondent was hired pursuant to an express employment contract, we find that the Tucker Act did not confer jurisdiction over respondent's claims for monetary relief."). This Court disagrees with the plaintiff's contention that his private trustee arrangement is distinguishable from "other traditional appointment cases." (Pl.'s Resp. 11.) "To determine how an individual is employed by the federal government, a court must analyze the relevant statutes and regulations in light of the other evidence presented." Piper v. United States, 90 Fed. Cl. 498, 503 (Fed. Cl. 2009). For case assignments to chapter 7 trustees, the relevant statute is 11 U.S.C. § 701(a)(1), which states that for each case, "the United States trustee shall appoint one disinterested person that is a member of the panel of private trustees . . . to serve as interim trustee in the case." Compare 11 U.S.C. § 701(a)(1), with 28 U.S.C. § 586(f)(1) ("The United States trustee for each district is authorized to contract with auditors to perform audits in cases . . . ."). As the statute clearly states, the plaintiff obtained his assignments by appointment, not by contract. Collier v. United States, 56 Fed.

Cl. 354, 357 (Fed. Cl. 2003) ("[A]ppointments and contractual relationships are mutually exclusive."). Thus, neither Mr. Sheehan's alleged appointment as a trustee nor its combination with the fees established under 11 U.S.C. § 330(b) can support the implied-in-fact contract theory alleged in Count III.

C.   Count IV

Count IV alleges that by failing to pay the plaintiff for the 145 IFP cases on which he has served, the defendant has taken the plaintiff's private property -- his wages -- for public use without any compensation. (First Am. Compl. ¶ 54.) This Court finds that this Fifth Amendment claim fails as a matter of law. Under the controlling precedent of the Federal Circuit, "a statutory right to be paid money . . . is not a property interest for purposes of the Takings Clause." Adams v. United States, 391 F.3d 1212, 1225 (Fed. Cir. 2004). Importantly, the first amended complaint does not allege that money or property was taken from the plaintiff. On the contrary, the goal of his claim in this case is to obtain fees that he believes he has earned but never received. But "the weight of authority from courts that have considered this issue demonstrates that the Takings Clause is inapplicable when a plaintiff sues for unpaid wages." Scott v. Philadelphia Hous. Auth., No. 10-4723, 2011 WL 1791095, at *6 (E.D. Pa. May 11, 2011). Therefore, no Fifth Amendment claim exists and the motion to dismiss as to Count IV must be granted. Because this Court finds that Counts I through

IV must be dismissed, it sees no need to address the relief sought by the plaintiff.

## V. Conclusion

For the reasons stated above, the defendant's motion to dismiss the first amended complaint (ECF No. 9) is GRANTED.  The defendant's motion to dismiss (ECF No. 6) is DENIED AS MOOT.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    May 8, 2012

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE